L.B.F. 3015.1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:  STEPHANIE JAMES            Case No.:    18-13719-MDC

                                   Chapter:     13

   Debtor(s)

## Chapter 13 Plan

_____ Original
XXX Amended

Date:   March 15, 2019

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. This Plan may be confirmed and become binding, unless a written objection is filed.

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

Plan contains non-standard or additional provisions – see Part 9
Plan limits the amount of secured claim(s) based on value of collateral – see Part 4
Plan avoids a security interest or lien – see Part 4 and/or Part 9

**§ 2(a)(1) Initial Plan:**
Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ _____
Debtor shall pay the Trustee $ _____ per month for _____ months; and
Debtor shall pay the Trustee $ _____ per month for _____ months.
Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") **$ 27,000.00**
The Plan payments by Debtor shall consists of the total amount previously in addition to the $500 per monthly Plan payments in the amount **of $500.00 beginning 7/1/2018** (date) and continuing for **54** months.
Other changes in the scheduled plan payment are set forth in § 2(d)

1

§ 2(b)  Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

§ 2(c)  Alternative treatment of secured claims:
   None. If "None" is checked, the rest of § 2(c) need not be completed.

   **Sale of real property**
   *See § 7(c) below for detailed description*

   **Loan modification with respect to mortgage encumbering property:**
   *See § 4(f) below for detailed description*

§ 2(d)  Other information that may be important relating to the payment and length of Plan:

§ 2(e) Estimated Distribution:
A. Total Priority Claims (Part 3)
   1. Unpaid attorney's fees                           $3,500.00
   2. Unpaid attorney's costs                          $
   3. Other priority claims (e.g., priority taxes)     $
A. Total distribution to cure defaults (§ 4(b))        $21,698.55
B. Total distribution on secured claims (§§ 4(c) &(d)) $
C. Total distribution on unsecured claims (Part 5)     $
                        Subtotal                       $
D. Estimated Trustee's Commission                      $1,500.00
E. Base Amount                                         $26,698.55

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

Debtor shall pay City of Philadelphia Water Revenue $11.40 outside of this plan of reparyment.

**Creditor**
**Type of Priority**
**Estimated Amount to be Paid**
Ronald J. Pressley, Esquire
Administrative Priority
$4,000.00

2

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

None. If "None" is checked, the rest of § 3(b) need not be completed.

The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

Name of Creditor
Amount of claim to be paid

**§ 4(a) Secured claims not provided for by the Plan:**

None. If "None" is checked, the rest of § 4(a) need not be completed.

**Creditor**
**Secured Property**

If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.

If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.

**§ 4(b) Curing default and maintaining payments**

None. If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.
**Creditor**
**Description of Secured Property and Address, if real property**
**Current Monthly Payment to be paid directly to creditor by Debtor**
**Estimated Arrearage**
**Interest Rate on Arrearage, if applicable (%)**
**Amount to be Paid to Creditor by the Trustee**
Nationstar Mortgage d/n/a Mr. Cooper
725 Kenmore Road, Phila. PA 19151
$21,69855

3

**§ 4(c)  Allowed secured claims to be paid in full:  based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

    **None.** If "None" is checked, the rest of § 4(c) need not be completed.

    (1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

    (2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

    (3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

    (4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

    (5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.


**Name of Creditor**
**Description of Secured Property and Address, if real property**

**Allowed Secured Claim**

**Present
Value
Interest Rate**

**Dollar Amount of Present Value Interest**

**Total Amount to be paid**


**§ 4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

    **None.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

    (1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

    (2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of | Present Value | Estimated total payments |
|---|---|---|---|---|

| Part 9: Non Standard or Additional Plan Provisions |
|---|

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

**None.** If "None" is checked, the rest of Part 9 need not be completed.

| Part 10: Signatures |
|---|

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date _____          /s/ Ronald J. Pressley _____
      July 1, 2018          (Attorney for Debtor(s))

If Debtor(s) are unrepresented, they must sign below.

Date: _____          _____
                                        Debtor

Date: _____          _____
                                        Joint Debtor